IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONIQUE M. LATHAM,

      Plaintiff,

      vs.

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

      Defendant.

                                         /

No. CIV S-08-1705 MCE GGH

FINDINGS AND RECOMMENDATIONS

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons that follow, the court recommends that plaintiff's Motion for Summary Judgment or Remand be granted, the Commissioner's Cross Motion for Summary Judgment be denied, and the Clerk be directed to enter judgment for the plaintiff.

BACKGROUND

Plaintiff, born December 21, 1971, applied on March 14, 2005 for disability benefits. (Tr. at 50.) Plaintiff alleged she was unable to work due to bipolar disorder, depression and hepatitis. (Tr. at 21, 76.)

1

In a decision dated November 26, 2007, ALJ Theodore T. N. Slocum determined plaintiff was not disabled. The ALJ made the following findings:[1]

    1.    The claimant did not engage in substantial gainful activity after March 14, 2005.

    2.    The medical evidence establishes that the claimant has a depressive disorder and hepatitis, but she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, and Regulations No. 4.

    3.    The claimant's subjective complaints are not fully credible and consistent with the evidence of record.

    4.    The claimant retains the residual functional capacity to lift up to 20 pounds occasionally, and 10 pounds frequently. Her ability to perform work involving detailed instruction is moderately impaired. The claimant's ability to function socially is mildly impaired. Her ability to maintain pace,

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:
    Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
    Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
    Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
    Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
    Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.
Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
    The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

|   |   |   |
|---|---|---|
|   |   | persisten[ce], and concentration is moderately impaired. There are no other limitations (20 CFR 416.945). |
|   | 5. | The claimant is 35 years of age and has an 11th grade education. |
|   | 6. | The claimant can perform her past work as a recreational aide, maid, and cashier. In addition, the framework of Rule 202.18, Appendix 1, Subpart P, Regulations No. 4, and the testimony of the vocational expert, directs that the claimant is not disabled, as there are a significant number of jobs that she can perform. |
|   | 7. | The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR 416.920(e)). |

(Tr. at 25.)

ISSUES PRESENTED

Plaintiff has raised the following issues: A. Whether the ALJ Erred in Ignoring the GAF Scores From Several Treating Psychiatrists and Rejecting the Detailed Opinions of Treating Psychiatrist Gamble; B. Whether the Stated Rationales for Finding Plaintiff's Subjective Complaints Not Credible are Insufficient as a Matter of Law; and C. Whether Moderate Limitations on Plaintiff's Ability to Maintain Persistence, Pace, and Concentration Necessarily Impact Her Abilities to Perform Those Actions Up to One Third of the Work Day and, Over Time, Her Ability to Sustain All Substantial Gainful Activity.

The undersigned raises *sua sponte* the issue of whether the ALJ complied with Bustamante v. Massanari, 262 F.3d 949 (9th Cir. 2001), and rules on this issue. Generally, the undersigned will not raise issues not brought by the parties. However, the issue of plaintiff's alcohol/drug abuse is so intertwined with the issues raised by plaintiff that the undersigned cannot make a sensible ruling on those issues in light of Bustamante.

DISCUSSION

Bustamante, 262 F. 3d at 955, held that when the record demonstrates both "ordinary" afflictions combined with drug/alcohol abuse, the ALJ must first determine a

claimant's disability without regard to whether alleged drug/alcohol abuse was a contributing factor. Only if a "total" disability is found, can the ALJ then make the inquiry concerning whether a claimant would still be disabled if drug/alcohol abuse were terminated. In <u>Bustamante</u>, the court held that the ALJ had erred "by concluding at step 2 that Bustamante's 'behavioral and emotional conditions' were the 'product and consequence of his alcohol abuse and not an independently severe or disabling impairment.'" <u>Id</u>. The ALJ essentially did the same here, albeit not even in a consistent fashion.

In his formal findings, the ALJ found that plaintiff had a "depressive disorder." Nothing is mentioned in the formal findings about alcohol or drug abuse. Tr. 25. However, in the body of his decision, the ALJ found:

> The evidence establishes that the claimant's impairment limited her ability to perform work related activities on and after that [application] date.
> ***
> The record reflects that the claimant alleged the inability to perform work because of depression and hepatitis. Although the record shows that the claimant's ability to perform the demands of work is limited, she retains the functional capacity to perform her past work. Therefore, a finding of "not disabled" is appropriate....."
> ***
> The Administrative Law Judge notes that *any* psychiatric symptoms that the claimant may experience appear to be directly related to her alcohol abuse....Public Law 104-121 denies entitlement and/or eligibility for disability benefits...to certain individuals. The individuals are those people for whom drug and/or alcohol addiction is a material factor to the determination of their disability....
> ***
> ....Clearly, the record as a whole shows that *any* symptoms that the claimant may experience are related to her history of drug and alcohol abuse.

(Tr. 20-23) (emphasis added).

The ALJ did not, therefore, determine plaintiff's disability in the initial context without regard to whether drug or alcohol abuse was a contributing factor. If the record supported such, the undersigned could read the selected statements of the ALJ that drug and alcohol abuse were the *only* problems as a statement that plaintiff suffered from no other impairment in any event, but that is not the state of the record, or even his formal conclusion. The entire record demonstrates that plaintiff was treated for depression and bi-polar disease, was

4

prescribed medication for such, and that she *also* had a serious drug and alcohol problem which interacted with the mental problems. At times, no mention was made of her drug/alcohol problems, but only the mental disorders. See e.g., (Tr. 239). She was prescribed medications such as lithium and zoloft which are for the treatment of mental afflictions and not drug or alcohol abuse. At other times alcoholism was a secondary diagnosis. See e.g., (Tr. 179). Still, at other times, controlled substance and alcohol abuse seemed at the heart of her problem, and she was prescribed antabuse. See e.g., (Tr. 151, 165). Even as of June 17, 2007, four days before the administrative hearing, plaintiff was seen in the emergency Room for extra Seroquel ingestion as well as alcohol intoxication (BAC of .244). (Tr. 248). However, in light of the record as a whole, there is no legitimate way for the ALJ to conclude in the text of his decision, without medical expert or records back-up, that *all* of plaintiff's problems at whatever pertinent times occurred solely as a result of drug and alcohol abuse. In light of the record as a whole, it was not possible for the ALJ to ignore alcohol and drug abuse in his formal findings.

Thus, in light of Bustamante, and the record herein, the undersigned cannot ignore the interconnectedness of the mental disorders and substance abuse. This is so regardless of the parties' failure to reference Bustamante as they may have tactical reasons not to do so. Nevertheless, the undersigned cannot arrive at a rational result based on a fictionalized record – the undersigned must decide this case with the record as it is, and binding precedent as it is.

This case must be remanded to the ALJ for a work-up of the case under the correct legal parameters. If the expert testimony is necessary for a correct decision under the second analytical part of Bustamante, and it probably is, the ALJ should obtain such testimony.

*Conclusion*

Accordingly, IT IS RECOMMENDED THAT Plaintiff's Motion for Summary Judgment is granted, albeit on the grounds raised by the undersigned. The Commissioner's Cross-Motion for Summary Judgment should be denied. Judgment should be entered in plaintiff's favor pursuant to sentence four of 42 U.S.C. § 405(g).

5

1   These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
3 (10) days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten (10) days after service of the objections.  The parties are
7 advised that failure to file objections within the specified time may waive the right to appeal the
8 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9 DATED: 07/14/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

GGH/076/Latham1705.ss.wpd